Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAR, LLC, a California limited liability company,<br><br>   Plaintiffs,<br><br>  v.<br><br>OJ COMMERCE, LLC, a Florida limited liability company; OJCOMMERCE.COM, A Florida Corporation; and DOES 1-10,<br><br>   Defendants. | Case No.__2:21-cv-05422____<br><br>**NOTICE OF REMOVAL BY ALL DEFENDANTS** |

TO THE HONORABLE COURT, THE PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants OJCOMMERCE, LLC and OJCOMMERCE.COM, INC. (collectively, "Defendants") files this Notice of Removal. In support of this Notice of Removal, Defendants states on knowledge, information, and belief:

1.      Plaintiff James Dar, LLC ("Plaintiff") brought this action against Defendants in the Superior Court of the State of California for the County of Los Angeles, California by filing a Complaint on May 3, 2021, which is docketed as Case No. 21SMCV00815 (the "Complaint"), a copy of which, with attachments, is attached as Exhibit 1.

2.      Defendants were served with the Complaint on June 3, 2021.

3.      The basis of removal is diversity of citizenship jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, and in which complete diversity exists between all plaintiffs and defendants.

4.      There is complete diversity of citizenship, as the sole Plaintiff is completely diverse from Defendants.  Plaintiff is a California limited liability company, and therefore assumes the citizenship of its members for purposes of diversity jurisdiction.  The sole member of Plaintiff is an individual residing in California.  *See, e.g.,* Complaint, ¶ 1 ("Plaintiff is a limited liability company that is active, duly registered in and doing business in the State of California."); Declaration of Shlomo Y. Hecht ("Hecht Decl."), Ex. A (identifying only one member, Shahram Dardashti, a resident of California).  Plaintiff is therefore a resident of California.

5.      OJ Commerce, LLC is a limited liability company, and therefore assumes the citizenship of its members for purposes of diversity jurisdiction.  The sole member of OJ Commerce, LLC is an individual residing in Florida.  *See, e.g.,* Hecht Decl., ¶ 3; Complaint, *OJ Commerce LLC v. Home City, Inc.*, 19-cv-2974 (S.D. Fla. Filed Dec. 4, 2019) at ECF No. 1 ¶¶ 1, 4 (complaint filed by OJ Commerce, LLC asserting that its "single member resides is Florida" and that it was completely diverse from a Delaware corporation).  OJ Commerce, LLC is therefore a resident of Florida.  In its Complaint, Plaintiff identifies OJ Commerce, LLC as a Florida limited liability company.  Ex. 1, ¶ 2.  OJ Commerce, LLC's principal place of business is also in Florida.  Hecht Decl., ¶ 3.

6.      OJCommerce.com, Inc. is a Delaware corporation, with its principal place of business in Florida.  Hecht Decl., ¶ 4 and Ex. B.  Accordingly, under 28 U.S.C. § 1332(c)(1), OJCommerce.com, Inc. is a citizen of Delaware and Florida, and is not a citizen of California, where Plaintiff is a citizen.

7.      Defendants, like Plaintiff, are unaware of the "true names and capacities of the defendants sued … as DOES 1 through 10, inclusive."  Ex. 1, ¶ 4. To Defendants' knowledge, no DOE defendants have been identified or served to date. Hecht Decl., ¶ 5.

8.      The matter in controversy exceeds $75,000.  In the Complaint, Plaintiff asserts that it "has suffered damages in the minimum amount of $55,642.84 and any greater amount to be proven at trial."  Ex. 1, ¶ 39; *see also* Ex. 1, ¶¶ 25, 37, 51.  The Complaint also asserts that Plaintiff sent a demand letter on January 21, 2021 that asserted that Defendants "owe[] Plaintiff … legal fees of $5,200.00 that had already been incurred to deal with this matter …."  Ex. 1, ¶ 26.  Thus, as of January 21, 2021, according to Plaintiff, the matter is controversy was at least $60,842.84.

9.      Subsequent to January 21, 2021, counsel for Plaintiff and OJ Commerce, LLC exchanged numerous correspondence, including 8 emails from Plaintiff, 5 emails from OJ Commerce, and one letter from OJ Commerce.  Hecht Decl., ¶ 6 and Ex. C. Based on counsel of OJ Commerce, LLC's calculation, OJ Commerce, LLC incurred $5,250 in attorney's fees just in corresponding with Plaintiff's counsel alone.  Hecht Decl., ¶ 7.  It is believed that Plaintiff's counsel has also incurred similar attorney's fees during that correspondence, which would bring the total matter in controversy to at least $66,092.84.  *Id.*  That total is before the drafting of the Complaint is even taken in account, not to mention the remainder of this litigation against Defendants, which, when added to the amount of "no less than $55,642.84" demanded in the Complaint, amounts to well over $75,000.  Counsel anticipates that Defendants, and likewise Plaintiff, will incur at least an additional $68,600.00 in attorney's fees if this action is litigated through trial.  Hecht Decl., ¶ 8.  $60,842.84 (Plaintiff's alleged damages plus attorney's fees incurred prior to January 21, 2021) plus $68,600.00 (the estimated attorney's fees to be incurred by Plaintiff during this case) equals **$129,442.84**, well over the $75,000 threshold for diversity jurisdiction. *Id.*

10.     Furthermore, according to the Complaint (First Cause of Action – Breach of Contract – Against All Defendants), "as a direct and proximate cause of Defendant's breach of the Invoices, Plaintiff has incurred legal fees and costs."  Ex. 1, ¶ 41.

11.     Also according to the Complaint (Second Cause of Action – Breach of Contract – Against OJC), "[a]s a direct and proximate cause of Defendants' failure to pay for the Goods that were sold and supplied by Plaintiff to or on behalf of [OJ Commerce], and in fact received by or on behalf of [OJ Commerce], Plaintiff has incurred legal fees and costs."  Ex. 1, ¶ 53.

12.     And according to the Complaint's Prayer for Relief, on the first and second causes of action, "Plaintiff prays for judgment against Defendants, and each of

them, as follows: "[f]or compensatory damages according to proof at trial and in an amount no less than $55,642.84," and "[f]or attorney's fees pursuant to the applicable agreement." Ex. 1, p. 9, Prayer for Relief.

13. "Attorney's fees may be included in the amount in controversy if recoverable by statute or contract." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). "The Ninth Circuit clearly considers attorneys' fees when assessing amount in controversy." *Id.* "Such fees necessarily accrue until the action is resolved." *Id.* "[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.* at 1035. Here, like in *Simmons*, "[w]hile attorney's fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory … damages [of $55,642.84 plus $5,200 in fees incurred prior to January 21, 2021], the jurisdictional minimum is clearly satisfied." *Id.* Specifically, with the $60,842.84 (Plaintiff's alleged damages plus attorney's fees incurred prior to January 21, 2021) plus $68,600.00 (the estimated attorney's fees to be incurred by Plaintiff during this case) equaling **$129,442.84**, well over the $75,000 threshold for diversity jurisdiction. *Id.*; Hecht Decl., ¶ 8.

14. This Notice of Removal is timely. It has been filed with this Court within 30 days of Defendants' receipt on June 3, 2021, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), Defendants represent that apart from the Complaint and associated attachments, they have received no other process, pleadings, motions, or orders in this action.

15.     Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1), and removal is proper pursuant to 28 U.S.C. § 1441(a).

16.     Pursuant to 28 U.S.C. § 1446, Defendants are filing with this Notice of Removal a copy of all process, pleadings, and orders it has received.  Copies of all such papers are attached as Exhibit 1.

17.     A copy of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of Court of the Superior Court of the State of California for the County of Los Angeles, California to effect removal of this action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1446(d).

Having established all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Defendants hereby removes this case to the United States District Court for the Central District of California.

Respectfully submitted,

LT PACIFIC LAW GROUP LLP

DATED: July 2, 2021

By: /s/  Jen-Feng Lee

Jen-Feng Lee
Kenneth K. Tanji, Jr.
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on July 2, 2021:

**DEFENDANTS' NOTICE OF REMOVAL WITH EXHIBIT; and**
**DECLARATION OF SHLOMO Y. HECHT WITH EXHIBITS**

Counsel for Plaintiff is being served via U.S. Mail at the following:

Selena Rejhani, Esq.
ROJHANI LAW GROUP
120 El Camino Dr., #116
Beverly Hills, CA 90212

I certify under penalty of perjury that the foregoing is true and correct.

Dated: July 2, 2021                    /s/ Jen-Feng Lee
                                              Jen-Feng Lee