**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-61901-CIV-SMITH

JAMES DAR, LLC,

      Plaintiff,

v.

OJ COMMERCE, LLC, *et al.*,

      Defendant.

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff JAMES DAR, L.L.C., a California Limited Liability Company ("Plaintiff" or "James Dar") complains as follows against defendant OJCOMMERCE, L.L.C., a Florida Limited Liability Company ("OJC"); OJCOMMERCE.COM, a Florida Corporation ("OJC.Com"); and DOES 1-10 (collectively, "Defendants"), as follows:

**PARTIES**

1.    Plaintiff is a limited liability company that is active, duly registered in and doing business in the State of California.

2.    Plaintiff is informed and believes and based thereon alleges that defendant OJC is a Delaware limited liability company with its principal place of business in Broward County, Florida.

3.    Plaintiff is informed and believes and based thereon alleges that defendant OJC.com is a Delaware corporation with its principal place of business in Broward County, Florida.

4.    The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff. Once Plaintiff ascertains said defendants' names and capacities, leave of Court shall be sought to allege same.

5.     Plaintiff is informed and believes, and on such information and belief alleges, that at all times herein mentioned, each Defendant, including the DOE defendants, was the agent and/or employee of the other Defendants, and was at all times herein mentioned herein acting within the course and scope of such agency and employment.

6.      Plaintiff is informed and believes, and on such information and belief alleges, that at all times relevant hereto, Defendants were characterized by a unity of interest in ownership and control among themselves such that any individuality and separateness between them has ceased; that each of the Defendants are, and at all relevant times were, mere shell instrumentalities and conduits through which the other Defendants carried on their business.

7.     Plaintiff is informed and believes, and on such information and belief alleges, that at all times relevant hereto, OJC and/or OJC.com, and/or one of the Doe defendants completely controlled, dominated, managed and operated one or more of the other Defendants to such an extent that any individuality or separateness of these Defendants does not and did not exist, and that these Defendants intermingled the assets of each to suit the convenience of themselves and perhaps in order to evade payment of obligations and legal liability.

8.     Plaintiff is informed and believes, and on such information and belief alleges, that adherence to the fiction of separate existence of these Defendants as entities distinct and separate from one another would promote injustice in that some of these Defendants are inadequately capitalized, have used the other Defendants as a mere shell, simply to transfer the earnings of one another while attempting to avoid legal liability and display a complete disregard for corporate formalities.  As such, Plaintiff is informed and believes, and on such information and belief alleges, that these Defendants are the alter egos of each other and are responsible in damages to Plaintiff to the full extent of each other's liability.

## VENUE AND JURISDICTION

9.     Plaintiff is informed and believes and based thereon alleges that venue has been conferred to the United States District Court, Southern District of Florida pursuant to an order entered by Judge Fischer, Honorable Judge of the United States District Court, Central District

of California, on September 9, 2021, case number 2:21-cv-05422-DSF-AGR ("Judge Fischer's Order"). Judge Fischer's Order held that the amount in controversy herein exceeded the minimal jurisdictional amount of $75,000; and that this case should be transferred within the District Courts from the Central District of California to the Southern District of Florida.

## COMMON ALLEGATIONS

10.     On or about January 2020, Plaintiff and OJC entered into an e-commerce vendor agreement ("Vendor Agreement") for the sale and purchase of certain goods, including household and office furniture ("Goods"). (See Vendor Agreement is attached hereto as Exhibit "1".)

11.     Plaintiff and Defendants bought and sold Goods to and from one another throughout the calendar year 2020, which Plaintiff believes and alleges is the time frame at issue.

12.     At all times at issue and pursuant to the Vendor Agreement, Defendants submitted to Plaintiff purchase orders for Goods ("herein referred to as OJC Purchase Orders").

13.     At some but not all times at issue, OJC submitted Purchase Orders to Plaintiff through an on-line portal that Plaintiff is informed by OJC and believes was and is operated and controlled by OJC ("herein referred to as Portal").

14.     At some of the times at issue, Plaintiff was informed by OJC that the Portal was not operating properly.

15.     At the times during which the Portal was not operating properly, OJC instructed Plaintiff to submit documents and communicate via email.

16.     Paragraph 1.7 of the Vendor Agreement, including sub-sections 1.7.1, 1.7.2 1.7.3 and 1.7.4 on pages 2 through 3 of the Vendor Agreement ("Paragraph 1.7"), authorized Plaintiff to generate invoices for all sales of Goods ("herein referred to as Invoice").

17.     Paragraph 1.7 of the Vendor Agreement states that OJC "agrees to pay [Plaintiff] for Services rendered in the amounts set forth after the receipt of a correct invoice from [Plaintiff]."

18.    Paragraph 1.7 of the Vendor Agreement states that OJC "will pay all undisputed amounts within 30 days of the invoice date."

19.    At all times at issue and pursuant to the Vendor Agreement, Plaintiff issued Invoices to "OJ Commerce" for Goods that Plaintiff in fact sold and delivered, and that OJC and/or consumers of OJC in fact received, without complaint or return to Plaintiff.

20.    Since there are numerous outstanding Invoices at issue, a true and correct copy of one of the Invoices, including its Standard Terms and Conditions of Sale (Order Acknowledgment/Invoice) which was part of each of the Invoices, is attached hereto as Exhibit "2".

21.    Paragraph 1.4 of the Vendor Agreement, including sub-sections 1.4.1, 1.4.2, and 1.4.3, and Paragraphs 1.5 and 1.6 on pages 1 and 2 of the Vendor Agreement ("Paragraph 1.4 through 1.6"), require Plaintiff to allow discounts and/or credits for orders on Goods that were canceled or returned or otherwise qualifies for discounts and/or other allowances.

22.    At all times at issue and pursuant to the Vendor Agreement, Plaintiff issued Invoices to OJC for amounts that Defendants owed Plaintiff for Goods sold and delivered.

23.    At all times at issue and pursuant to the Vendor Agreement, Plaintiff submitted Invoices to OJC through the Portal when it was operating properly, or alternatively via email.

24.    At all times at issue and to be certain that OJC received them, Plaintiff mailed all Invoices to OJC.

25.    At all times at issue, Plaintiff reasonably relied upon and acted upon the Purchase Orders by producing, shipping and delivering such Goods to or on behalf of OJC.

26.    At all times at issue, such Goods that were produced, shipped and delivered to or on behalf of OJC were in fact received by or on behalf of OJC.

27.    Plaintiff is informed and believed that Goods were shipped by Plaintiff directly to OJC's customers and/or consumers.

28.    Plaintiff is informed and believes that one or more Defendants were paid for each of the Goods that Plaintiff shipped to or on behalf of OJC.

29.     At all times at issue, more than 30 days have passed since the date of the most recent Invoice.

30.     At all times at issue, Plaintiff did not receive from OJC or any of the Defendants or any customers, or anyone else, any request to cancel, return, discount or reimburse any amount for any of the Invoices pursuant to Paragraph 1.4 through 1.6, or otherwise.

31.     To date, Defendants have paid Plaintiff for some but not all of the Invoices.

32.     Beginning in or about July 2020, Defendants had failed to pay certain Invoices and were therefore in default of the respective Invoice payment terms, for each of the unpaid and outstanding Invoices.

33.     On or about January 21, 2021, Plaintiff sent OJC a demand letter ("herein referred to as the Demand Letter") notifying OJC that it had retained counsel to collect on the amounts owed to Plaintiff, namely $55,642.84 for Goods that were ordered by OJC, sold to OJC, shipped to, or on behalf of OJC and in fact received by, or on behalf of OJC and/or OJC's customers.

34.     The Demand Letter also placed OJC on notice that it owes Plaintiff statutory prejudgment interest in the amount of $1,097.28 and legal fees of $5,200.00 that had already been incurred to deal with this matter, for a total demand at that time in the amount of $61,940.12.

35.     To date, the outstanding Invoices in a combined amount of no less than $55,642.84 remain outstanding, unpaid for and immediately due and owing by Defendants to Plaintiff for Goods in fact ordered, sold, delivered, purchased and received.

36.     Each of the Invoices issued by Plaintiff and directed to and sent to OJC at all times relevant hereto, including but not limited to the calendar year 2020, state the following language in Paragraph 13:

> Default. In case of default or breach by Buyer in their performance of any or all of the provisions of this agreement …. Buyer shall in addition, be liable for Seller's expenses incurred in exercising any remedies available to it, including reasonable attorney's fees and legal expenses.

37.     Plaintiff is informed and believes, and on such information and belief alleges, that Defendant OJC.com is and at all relevant times was, a mere shell instrumentality and conduit through which OJC carries on its business.

38.     Plaintiff is informed and believes, and on such information and belief alleges, that at all times relevant hereto, OJC completely controlled, dominated, managed and operated OCJ.com and Does 1-10, and vice versa, to such an extent that any individuality or separateness of these Defendants did not and does not exist.

39.     As such, Plaintiff is informed and believes, and on such information and belief alleges, that Defendants OJC and OJC.com, and Does 1-10, and each of them, intermingled the assets of one another to suit their convenience and in order to evade payment of obligations and legal liability.

40.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, Defendants, OJC and OJC.com share the same physical address.

41.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, Defendants, OJC and OJC.com share the same mailing address.

42.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, Defendants, OJC and OJC.com own, utilize and/or control the same website, www.ojcommerce.com.

43.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, Defendants, OJC and OJC.com share the same founder and officer, Jacob Weiss.

44.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, Defendants, OJC and OJC.com share some or all of the same employees and/or officers.

45.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, Defendants, OJC and OJC.com share the same user domain and root domain in each of its company email addresses following the username and "@", which is "ojcommerce.com".

46.     Plaintiff is informed and believes, and on such information and belief alleges that at all times relevant hereto, that the company signature line and footer for each employee and officer of Defendant OJC states "OJ Commerce" without any indication of its reference to OJC or OJC.com, creating an ambiguity and anonymity that causes a recipient of such emails to believe the emails are coming from either OJC or OJC.com.

47.     Plaintiff is informed and believes, and on such information and belief alleges, that by reason of the breaches by OJC and the collusive actions of OCJ and OJC.com and Does 1-10, and each of them, as set forth herein above in Paragraphs 37 to 46, above, any damage award in favor of Plaintiff and against OJC should likewise be awarded in favor of Plaintiff and against OJC.com and Does 1-10, and each of them.

## FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT – Against All Defendants)

48.     Plaintiff refers to, repeats and incorporates by reference paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49.     By and through the Vendor Agreement, OJC agreed to purchase and pay for Goods it ordered and received from Plaintiff.

50.     At all times relevant hereto, OJC placed orders for certain Goods by Purchase Orders.

51.     At all times relevant hereto, Plaintiff sold Goods to OJC.

52.     At all times relevant hereto, Plaintiff caused Goods to be shipped to or on behalf of OJC.

53.     At all times relevant hereto, OJC and/or its customers received and accepted the Goods.

54.     At all times relevant hereto, Plaintiff issued and sent to OJC Invoices documenting that Goods that were sold, shipped and received to or on behalf of OJC, and demanded payment for the same.

55.     At all times relevant hereto, Plaintiff issued and sent to OJC Invoices pursuant to Paragraph 1.7 of the Vendor Agreement.

56.     At all times relevant hereto, certain Invoices in the total amount of no less than $55,642.84 were not and still have not been paid by OJC and remain outstanding and immediately due and payable.

57.     To date, no less than $55,642.84 remains immediately due and payable by all Defendants to Plaintiff.

58.     Plaintiff performed all conditions, terms, covenants and agreements to be performed by Plaintiff under the Vendor Agreement, except any conditions, terms, covenants and agreements the performance of which OJC excused, waived or rendered it impossible to perform.

59.     As a direct and proximate cause of Defendants' breach of the Vendor Agreement, Plaintiff has suffered damages in the minimum amount of $55,642.84 and any greater amount to be proved at trial.

60.     As a direct and proximate cause of Defendants' breach of the Vendor Agreement, Plaintiff has incurred and will continue to incur damages, including but not limited to statutory prejudgment interest and attorney's fees.

61.     Plaintiff's remedy at law against OJC alone is inadequate and any liability placed on OJC as a result of this First Cause of Action should also be placed on OJC.com and Does 1-10 because Plaintiff is informed and believes, and on such information and belief alleges, that Defendant OJC.com and Does 1-10 are and at all relevant times were, mere shell instrumentalities and conduits through which OJC carries on its business and that OJC completely controlled, dominated, managed and operated OCJ.com and Does 1-10, and vice versa, to such an extent that any individuality or separateness of these Defendants did not and does not exist.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages according to proof at trial and in an amount no less

than $55,642.84.

    2. For pre-judgment interest at the legal rate.

    3. For costs of suit herein incurred.

    4. For such other and further relief as the Court deems equitable and proper.

**SECOND CAUSE OF ACTION**

**(**BREACH OF CONTRACT – Against All Defendants**)**

    62.    Plaintiff refers to, repeats and incorporates by reference paragraphs 1 through 61, inclusive, of this Complaint as though fully set forth herein.

    63.    By and through the Vendor Agreement, OJC agreed to purchase and pay for Goods it ordered and received from Plaintiff.

    64.    At all times relevant hereto, OJC placed orders for certain Goods by Purchase Orders.

    65.    At all times relevant hereto, Plaintiff sold Goods to OJC.

    66.    At all times relevant hereto, Plaintiff caused Goods to be shipped to or on behalf of OJC.

    67.    At all times relevant hereto, OJC and/or its customers received and accepted the Goods.

    68.    At all times relevant hereto, Plaintiff issued and sent to OJC Invoices documenting that Goods that were sold, shipped and received to or on behalf of OJC, and demanded payment for the same.

    69.    At all times relevant hereto, Plaintiff issued and sent to OJC Invoices pursuant to Paragraph 1.7 of the Vendor Agreement.

    70.    At all times relevant hereto, certain Invoices in the total amount of no less than $55,642.84 were not and still have not been paid by OJC to Plaintiff and remain outstanding and immediately due and payable.

    71.    To date, no less than $55,642.84 remains immediately due and payable by all Defendants to Plaintiff.

9

72.     Plaintiff performed all conditions, terms, covenants and agreements to be performed by Plaintiff, with respect to each of the Invoices, except any conditions, terms, covenants and agreements the performance of which OJC excused, waived or rendered it impossible to perform.

73.     As a direct and proximate cause of Defendants' breach of each of the Invoices, Plaintiff has suffered damages in the minimum amount of $55,642.84 and any greater amount to be proved at trial.

74.     As a direct and proximate cause of Defendants' breach of each of the Invoices, Plaintiff has incurred damages, including but not limited to statutory prejudgment interest and attorney's fees.

75.     As a direct and proximate cause of Defendants' failure to pay for the Goods that were sold and supplied by Plaintiff to or on behalf of OJC, and in fact received by or on behalf of OJC, Plaintiff has incurred legal fees and costs that Plaintiff is entitled to recover pursuant to Paragraph 13 of the Invoices.

76.     Plaintiff's remedy at law against OJC alone is inadequate and any liability placed on OJC as a result of this Second Cause of Action should also be placed on OJC.com because Plaintiff is informed and believes, and on such information and belief alleges, that Defendant OJC.com and Does 1-10 are and at all relevant times were, mere shell instrumentality and conduit through which OJC carries on its business and that OJC completely controlled, dominated, managed and operated OCJ.com and Does 1-10, and vice versa, to such an extent that any individuality or separateness of these Defendants did not and does not exist.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages according to proof at trial and in an amount no less than $55,642.84.

2.     For pre-judgment interest at the legal rate.

3.     For attorney's fees pursuant to the applicable agreement.

4.    For costs of suit herein incurred.

5.    For such other and further relief as the Court deems equitable and proper.

**THIRD CAUSE OF ACTION**

(ACCOUNTS STATED - Against All Defendants)

77.    Plaintiff refers to, repeats and incorporates by reference paragraphs 1 through 76, inclusive, of this complaint as though fully set forth herein.

78.    Plaintiff brings this Third Cause of Action for Accounts Stated against all Defendants in the alternative to the First and Second Causes of Action for Breach of Contract.

79.    At all times relevant hereto, OJC placed orders for certain Goods pursuant to the Vendor Agreement and Invoices.

80.    At all times relevant hereto, Plaintiff sold the Goods to OJC pursuant to the Vendor Agreement and Invoices.

81.    At all times relevant hereto, Plaintiff caused the Goods to be shipped to or on behalf of OJC pursuant to the Vendor Agreement and Invoices.

82.    At all times relevant hereto, OJC or OJC's customers on behalf of OJC received and accepted the Goods.

83.    At all times relevant hereto, Plaintiff issued and sent to OJC Invoices documenting the Goods that were sold, shipped and received, and demanded payment for the same based on the Invoices.

84.    At all times relevant hereto, neither OJC nor any of OJC's customers nor any other party on behalf of OJC disputed any of the Invoices Pursuant to Paragraphs 1.4 through 1.6, or otherwise.

85.    At all times relevant hereto, by its failure to oppose, object or otherwise dispute any of the Invoices within 30 days of each Invoice, OJC has made an implied agreement to pay each of the Invoices.

86.    At all times relevant hereto, Invoices in the total amount of no less than $55,642.84 were not and still have not been paid by OJC or any of the Defendants to Plaintiff and remain outstanding and immediately due and payable.

11

87.     To date, no less than $55,642.84 remains immediately due and payable by OJC and all Defendants to Plaintiff.

88.     Plaintiff performed all conditions, terms, covenants and agreements to be performed by Plaintiff except any conditions, terms, covenants and agreements the performance of which Defendants excused, waived or rendered it impossible to perform.

89.     As a direct and proximate cause of Defendants' failure to pay for the Goods that were sold and supplied by Plaintiff to or on behalf of OJC, and in fact received by or on behalf of OJC, Plaintiff has suffered damages in the minimum amount of $55,642.84 and any greater amount to be proved at trial.

90.     As a direct and proximate cause of Defendants' failure to pay for the Goods that were sold and supplied by Plaintiff to or on behalf of OJC, and in fact received by or on behalf of OJC, Plaintiff has incurred damages, including but not limited to statutory prejudgment interest and attorney's fees.

91.     As a direct and proximate cause of Defendants' failure to pay for the Goods that were sold and supplied by Plaintiff to or on behalf of OJC, and in fact received by or on behalf of OJC, Plaintiff has incurred legal fees and costs that Plaintiff is entitled to recover pursuant to Paragraph 13 of the Invoices.

92.     Plaintiff's remedy at law against OJC alone is inadequate and any liability placed on OJC as a result of this Third Cause of Action should also be placed on OJC.com and Does 1-10 because Plaintiff is informed and believes, and on such information and belief alleges, that Defendant OJC.com and Does 1-10 are and at all relevant times were, mere shell instrumentality and conduit through which OJC carries on its business and that OJC completely controlled, dominated, managed and operated OCJ.com and Does 1-10, and vice versa, to such an extent that any individuality or separateness of these Defendants did not and does not exist.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages according to proof at trial and in an amount no less

than $55,642.84.

      2.      For pre-judgment interest at the legal rate.

      3.      For attorney's fees pursuant to the applicable agreement.

      4.      For costs of suit herein incurred.

      5.      For such other and further relief as the Court deems equitable and proper.

Dated: 2/18/2022                Respectfully submitted,

                              *By:* */s/ Donald J. Thomas*
Donald J. Thomas, Esq.
Florida Bar No. 834599
Georgia T. Garnecki, Esq.
Florida Bar No.  0068807

CBR Law Group, LLLP
Fifth Avenue Place
55 N.E. 5th Avenue
Suite 503
Boca Raton, FL  33432
Telephone: 561.609.1515
Facsimile: 561.368.0293
don@cbrlawgroup.com
georgia@cbrlawgroup.com
paralegal@cbrlawgroup.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **<u>18th</u>** day of February 2022, a true and correct copy was electronically filed and served via the Court's CM/ECF system.

*<u>By: /s/ Donald Thomas</u>*
Donald Thomas, Esq.