UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 6:21-61901-CIV-SMITH

**JAMES DAR, LLC,**

*Plaintiff,*

vs.

**OJ COMMERCE, LLC,**

*Defendants,*

and

**OJ COMMERCE, LLC, and
OJCOMMERCE.COM, INC,**

*Third Party Plaintiffs,*

vs.

**LORI A. SENGSTOCK, et. al.,**

*Third Party Defendants.*

## THIRD PARTY DEFENDANT'S MOTION TO DISMISS DEFENDANTS COMMERCE, LLC, AND OJCOMMERCE.COM, INC.'S, THIRD PARTY COMPLAINT [DE #52]

Under Rule 12(b)(6), Fed. R. Civ. P., Lori A. Sengstock ("Defendant") by and through the undersigned counsel, moves this Court to dismiss OJ COMMERCE, LLC, and OJCOMMERCE.COM, INC, ("Plaintiff's") Third Party Complaint ("Complaint") [DE #52], without prejudice, alleging as follows:

## PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR FRAUD, AND THEREFORE FAILS TO STATE A CAUSE OF ACTION FOR UNJUST ENRICHMENT

### STANDARD OF REVIEW

"Rule 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2);… As this Court has previously observed, the liberal 'notice pleading' standards embodied in Federal Rule of Civil Procedure 8(a)(2) do not require that a plaintiff specifically plead every element of a cause of action. However, while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. Thus, at a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory. *See Roe v Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 683 – 84 (11th Cir. 2001) (*internal citations omitted).*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The complaint's allegations must establish more than a sheer possibility that a defendant has acted unlawfully. Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *See Franklin v. Curry*, 738 F.3d 1246, 1250–51 (11th Cir. 2013) (*internal citations omitted*).

### MATERIAL ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

In Plaintiff's Complaint, Plaintiff pleads several allegations that are relevant to Plaintiff's fraud cause of action against Defendant. Plaintiff alleges:

"OJC made 10 electronic ACH payments over 10+ weeks from early July through mid-September 2020 to what was alleged to be James Dar's BB&T account based on information which appeared to be sent by James Dar's accounting department to OJC." *See* [DE #52, ¶12]

"Defendants have discovered that, upon information and belief, Sengstock had received ACH payments totaling $23,343.59 in her bank account at JP Morgan Chase Bank from OJC in October-November 2020." *See* [DE #52, ¶36].

"Defendants have also discovered that, upon information and belief, Sengstock had knowingly and wrongfully withdrawn and spent the $23,343.59 from OJC

2

referenced above, without any legitimate reason or basis for doing so." *See* [DE #52, ¶37].

"Prior to and at the time OJC sent ACH attempted to send payments to James Dar, Sengstock, by and through her statements and actions, with the intent to deceive OJC and to induce OJC to send ACH payments to Chase, upon information and belief, suggested and represented to OJC as a fact that Chase was a bank that James Dar used to receive payments." *See* [DE #52, ¶78].

"Sengstock knew or believed that her representations to OJC were not true when they were made to the OJC." *See* [DE #52, ¶79].

"Sengstock intended to induce OJC into sending six ACH payments of $23,343.59 to BB&T over six weeks during October-November 2020." *See* [DE #52, ¶80].

"Sengstock knew that the six ACH payments were sent from OJC to James Dar, yet Sengstock willfully withdrew, retained, and fraudulently spent OJC's payments anyway." *See* [DE #52, ¶81].

"Sengstock intended to induce OJC into sending ACH payments of $23,343.59 to JP Morgan Chase Bank in October-November 2020." *See* [DE #52, ¶82].

"Sengstock knew that her representations about the bank account information were material to OJC sending the ACH payments to Sengstock." *See* [DE #52, ¶83].

"OJC reasonably, justifiably, and actually relied on Sengstock's misrepresentations about the bank account information." *See* [DE #52, ¶84].

"By relying on Sengstock's misrepresentations, OJC was damaged in an amount of at least $23,343.59, plus Third Party Plaintiffs' attorney's fees and costs." *See* [DE #52, ¶85].

"As detailed above, Sengstock made knowingly false representations to OJC about ACH bank account payment information. Sengstock knew that there was a high likelihood that OJC would be injured and damaged by the false bank account information. Sengstock's fraud against OJC was so reckless or wanting in care that it constituted the conscious disregard or indifference to OJC's right not to be defrauded. Accordingly, OJC seeks punitive damages in an amount to be determined at trial, but at least triple Third Party Plaintiffs' damages against Sengstock for her fraud against OJC." *See* [DE #52, ¶87].

"Third Party Plaintiffs repeat and reallege paragraphs 1-37 and 67-87, as if fully set forth herein." *See* [DE #52, ¶88].

"Sengstock's acceptance and retention of OJC's money under the circumstances described above make it inequitable for Sengstock to do so without returning or otherwise paying the amount of at least $23,343.59 to OJC." *See* [DE #52, ¶93].

"As detailed above, Sengstock knowingly stole OJC's money. Sengstock knew that there was a high likelihood that OJC would be injured and damaged by her theft. Sengstock's theft and unjust enrichment against OJC was so reckless or wanting in care that it constituted the conscious disregard or indifference to OJC's right not to have its money stolen. Accordingly, OJC seeks punitive damages in an amount to be determined at trial, but at least triple Third Party Plaintiffs' damages against Sengstock." *See* [DE #52, ¶95].

## **GROUNDS FOR MOTION**

Under Rule 9(b), Fed. R. Civ. P., "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Count V alleges fraud directly. Count VI bootstraps the allegations from Count V by re-alleging Count V. *See* [DE #52, ¶88]. The allegation of inequity in Defendant retaining the benefit referred to in ¶93 must be the fraud alleged directly in Count V, as there are no other relevant equity based allegations in the Complaint. *See* [DE #52, ¶93]. Therefore, Plaintiff must meet the heightened pleading standard required by Rule 9(b) for each cause of action. *See Rana Fin., LLC v. City Nat'l Bank of New Jersey,* 347 F. Supp. 3d 1147, 1155 (S.D. Fla. 2018) (holding that "[Rule 9(b)] would apply to the unjust enrichment claim, since the fraud is the source of the alleged inequity.")

"The Rule 9(b) standard is satisfied if the complaint sets forth the precise statements complained of and the contextual information surrounding those statements, such as the identities of the speakers, the dates and times that the statements were made, and the contents of the statements." *See Rana Fin., LLC v. City Nat'l Bank of New Jersey,* 347 F. Supp. 3d 1147, 1155 (S.D. Fla. 2018). Plaintiff's sole relevant allegation regarding fraudulent statements is: "Prior to and at the time OJC sent ACH attempted to send payments to James Dar, Sengstock, by

4

and through her statements and actions, with the intent to deceive OJC and to induce OJC to send ACH payments to Chase, upon information and belief, suggested and represented to OJC as a fact that Chase was a bank that James Dar used to receive payments." *See* [DE #52, ¶78]. Regarding the statements made and their context, Plaintiff's Complaint "rel[ies] on naked assertions devoid of further factual enhancement." No precise statement is alleged. Neither the context nor the provider of a statement described. Plaintiff's Complaint utterly fails to meet the requirements of Rule 9(b).  Reading Plaintiff's Complaint, one would have no idea what was said, or in what medium, in order to induce Plaintiff to send funds via ACH. Plaintiff's Complaint must be dismissed for failure to comply with Rule 9(b), including Count VI. *See Rana Fin., LLC v. City Nat'l Bank of New Jersey,* 347 F. Supp. 3d 1147, 1155 - 56 (S.D. Fla. 2018) (dismissing a complaint with leave to amend predicated on fraud, including an unjust enrichment count, for failure to specify each fraudulent statement, among other pleading deficiencies).

### PLAINTIFF HAS FAILED TO PROPERLY ALLEGE PUNITIVE DAMAGES

> "The Eleventh Circuit has also held that the substantive pleading standard of that section – which requires a reasonable showing that demonstrates a reasonable basis for recovery of such damages – does not conflict with Rule 8(a)(2) requiring a short and plain statement of the claim because a prayer for punitive damages is not a claim within the meaning of the Rule. Therefore, the allegations in the Complaint in this case as to punitive damages must satisfy the substantive pleading standard of Fla. Stat. § 768.72." *See Collins v. De Los Santos,* No. 616CV852ORL31TBS, 2016 WL 4194033, at *1 (M.D. Fla. Aug. 9, 2016)

Under Fla. Stat. §768.72(2), a Plaintiff must demonstrate: "…that the defendant was personally guilty of intentional misconduct or gross negligence." Plaintiff fails to provide any specificity regarding the alleged fraud, any other gross negligence, or intentional misconduct. Plaintiff's allegations also fail to meet the plausibility threshold of Rule 8(a), as "[m]ere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *See Franklin v.*

5

*Curry,* 738 F.3d 1246, 1250–51 (11th Cir. 2013) (*internal citations omitted*). Therefore, Plaintiff has not demonstrated that it has a reasonable basis of recovery for punitive damages because Plaintiff provides zero factual allegations, merely pleading legal conclusions regarding unpled statements and their effect on Plaintiff. *See Id*. (requiring specific allegations regarding intentional misconduct and/or gross negligence to satisfy Fla. Stat. §768.72): *C.f. Gardner v. Ford Motor Co.,* No. 614CV508ORL18DAB, 2015 WL 12841007, at *4 (M.D. Fla. Mar. 9, 2015) (holding that the plaintiffs met the substantive requirements of Fla. Stat. §768.72 because the plaintiffs "couple the relevant statutory language with **several specific factual allegations** that plausibly support the award of punitive damages.").

**WHEREFORE**, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's Complaint under Rule 12(b)(6), and for such other and further relief that this Court deems equitable and just.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), Local Rules for the Unitied States District Court for the Southern District of Florida, no meet and confer is required for this motion.

### CERTIFICATE OF SERVICE

It is hereby certified that on June 6, 2022, I filed the foregoing with the Clerk of Court by utilizing the CM/ECF system that will serve this motion on all parties of record via electronic filing.

By: /s/   Benjamin Weissman
FBN: 0120770
DAVID CHICO LAW GROUP
607 Celebration Avenue
Celebration, Florida 34747
T: 407-933-7703
F: 407-933-7713
For eService:serve@davidchicolaw.com
**Trial Counsel for Third Party Defendant**