4989-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JAMES DAR, LLC,                    )   CASE NO.: 21-61901-CIV-SMITH
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )
OJ COMMERCE, LLC, *et al.*,        )
                                   )
            Defendants.            )
_____)

**DEFENDANT SOPHIE G. KNOWLES' MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CAUSE OF ACTION**

Defendant, Sophie G. Knowles ("Ms. Knowles"), as authorized by Rule 12(b) and 9(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Amended Third-Party Complaint for lack of personal jurisdiction or, in the alternative, for failure to state a cause of action, and states as follows:

**FACTUAL BACKGROUND**

1.      On June 27, 2022, Third-Party Plaintiffs, OJ Commerce, LLC and OJ Commerce.com, Inc. (together, "Third-Party Plaintiffs"), filed a six-count Amended Third-Party Complaint, seeking contribution and indemnification from Ms. Knowles based on a contract between Third-Party Plaintiffs and Plaintiff, James Dar, LLC ("James Dar"), for the sale of goods and services.

2.      In Paragraph 4 of the Third-Party Complaint, Third-Party Plaintiffs allege that, "[u]pon information and belief, Sophie G. Knowles is a resident and citizen of the

- 1 -

State of Texas,"[1] and fail to allege any facts that would subject Ms. Knowles to the personal jurisdiction of this Court.

3.     In Paragraph 8, Third-Party Plaintiffs allege that the "Court has jurisdiction over these claims pursuant to Fed. R. Civ. P. 14 and by supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 as they arise from the same case or controversy as the alleged claims in Plaintiff's First Amended Complaint." These allegations go to subject matter jurisdiction, not personal jurisdiction.

4.     In Paragraph 10, Third-Party Plaintiffs allege that "this Court has personal jurisdiction over Knowles pursuant to Fla. Stat. § 48.193, as she committed intentional tortious acts within this District as described in more detailed herein, including by sending fraudulent emails to OJC in this District to trick OJC into sending money to Knowles and by fraudulently inducing and soliciting OJC to send ACH payments from this District to Knowles' account, when Knowles knew that OJC's payments were intended for James Dar."

5.     In Paragraph 39, it is alleged that Ms. Knowles received ACH payments from Third-Party Plaintiffs—totaling $20,468.41—into her BB&T Bank account that were purportedly intended for James Dar for goods and services under the contract between Third-Party Plaintiffs and James Dar.

---

[1] Ms. Knowles is a resident of the State of Texas.

6.      In paragraph 56, Third-Party Plaintiffs allege that on July 1, 2020, they sent an email to James Dar requesting its routing and account information, so that Third-Party Plaintiffs could pay James Dar.

7.      In paragraph 57 and 58, Third-Party Plaintiffs allege that in response to their email, upon information and belief, Knowles sent herself or by another at her direction or complicity two spoofed emails on July 1, 2020, at 2:14 p.m. and 7:40 p.m. to Doreal Wilkinson of OJC at vendors@ojcommerce.com.  Included in the allegations is the text of the two emails and the name of the person that purportedly sent the two emails to Third-Party Plaintiffs – Manny Santana, not Knowles.  Further, there is no indication as to what email address the alleged two spoofed emails were sent from and Third-Party Plaintiffs have not identified the email address or alleged how Ms. Knowles is the owner of the purported email address that sent the two spoof emails.

8.      Third-Party Plaintiffs seek from Ms. Knowles contribution and indemnification based on fraud (Count II) and contribution and indemnification based on unjust enrichment (Count III), which claims allegedly arise from a contractual relationship between Third-Party Plaintiffs and James Dar.

9.      Ms. Knowles is a citizen and resident of the State of Texas.  [Affidavit of Sophie G. Knowles, Jul. 15, 2022 (the "Knowles Aff."), ¶ 4.]

10.     Ms. Knowles is not domiciled in the State of Florida and has never resided in Florida.  [Knowles Aff. ¶¶ 5-6.]

11.     Ms. Knowles has never had a Florida driver's license, has never owned property or paid rent to anyone in Florida, and has no family or friends in Florida. [Knowles Aff. ¶¶ 7-9.]

12.     Ms. Knowles has not sought to provide any goods or services in Florida. [Knowles Aff. ¶ 10.]

13.     She does not have any officers, statutory agents, telephone listings, or mailing addresses in Florida.   [Knowles Aff. ¶ 11.]

14.     Ms. Knowles does not have any bank accounts, licenses, or other operations in Florida.  [Knowles Aff.  at ¶ 12.]

15.     Ms. Knowles has never entered any contracts and has no affiliation with any of the parties to this action.  [Knowles Aff. ¶¶ 14-16.]

16.     Ms. Knowles has never sent an email to or communicated with Third-Party Plaintiffs, or any individual employed by Third-Party Plaintiffs.  [Knowles Aff. ¶ 17.]

17.     Ms. Knowles has never sent an email to Doreal Wilkinson, specifically the two emails allegedly sent on July 1, 2020, at 2:14 p.m., and 7:40 p.m.  [Knowles Aff. ¶¶ 18-19.]

18.     Ms. Knowles has never directed another individual to email or communicate with Third-Party Plaintiffs on her behalf.  [Knowles Aff. ¶ 20.]

19.     Ms. Knowles has never impersonated another individual or entity. [Knowles Aff. ¶ 21.]

20.     The Amended Third-Party Complaint should be dismissed for two reasons:
(1) the Court lacks personal jurisdiction over Ms. Knowles; and (2) Third-Party Plaintiffs
failed to plead Count II with particularity and specificity.

## MEMORANDUM OF LAW

### A.     The Third-Party Complaint against Sophie G. Knowles should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of
personal jurisdiction.  "A court must dismiss an action against a defendant over which it
has no personal jurisdiction."  *Verizon Trademark Servs., LLC v. Producers, Inc.,* 810 F. Supp.
2d 1321, 1323-24 (M.D. Fla. 2011).  To withstand a motion to dismiss, the plaintiff must
plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident
defendant's person.  *See Virgin Health Corp. v. Virgin Enters. Ltd.,* 393 F. App'x 623, 625
(11th Cir. 2010).  The district court must accept the facts alleged in the complaint as true
to the extent they are uncontroverted by the defendant's affidavits.  *See Consol. Dev. Corp.
v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000).  If, however, the defendant sustains
its burden of challenging the plaintiff's allegations through affidavits or other competent
evidence, the plaintiff must substantiate the jurisdictional allegations in the complaint by
affidavits, testimony, or other evidence of its own.  *Future Tech. Today, Inc. v. OSF
Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000).  In federal court, jurisdictional
hearings are discretionary and where a court does not conduct a discretionary
evidentiary hearing on a Rule 12(b)(2) motion, the plaintiff must establish a prima facie
case of personal jurisdiction by presenting enough evidence to withstand a motion for

directed verdict. *Damian v. Yellow Brick Capital Advisers (UK) Limited*, 2019 WL 5887360, at *11 (S.D. Fla. 2019). Thus, the Court reviews the evidence presented by Defendants to see it controverts Plaintiff's allegations and accept Plaintiff's allegations as true if it does not. *See id*.

"Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324. First, the court must determine whether the applicable state long-arm statute is satisfied. *See Future Tech. Today*, 218 F.3d at 1249. "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state long-arm statute is satisfied, the court must then determine whether sufficient minimum contacts exist between defendants and forum state as to satisfy analyze the Constitution's requirements of due process and traditional notions of fair play and substantial justice. *See, e.g.*, *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626 (11th Cir. 1996).

Minimum contacts necessary to exercise personal jurisdiction involve three criteria: first, contacts must be related to plaintiff's cause of action or have given rise to it; contacts must involve some purposeful availment of privilege of conducting activities with forum, thereby invoking benefits and protections of its law; finally, defendant's contacts within forum state must be such that he or she should reasonably anticipate

being haled into court there. *See id.* at 631. Moreover, mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants. *See id.* at 629.

> Florida's long-arm statute provides, in pertinent part:

>> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself … to the jurisdiction of the courts of this state ….

>> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of this courts of this sate, whether or not the claim arises from that activity.

§ 49.193(1)(a), (2), Fla. Stat. (2021). Under Florida's long-arm statute, a defendant can thus be subject to either: (1) specific jurisdiction—jurisdiction in suits arising out of or relating to the defendant's contact with Florida; or (2) general jurisdiction—jurisdiction over any claims against a defendant, notwithstanding any connection *vel non* with Florida, if the defendant engages in "substantial and not isolated activity" in Florida. *See McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1343 (S.D. Fla. 2017).

Moreover, Florida courts will not exercise personal jurisdiction over an objecting defendant who has done none of the acts set forth in section 48.193. *McRae v. J.D./M.D., Inc.*, 511 So.2d 540, 543 (Fla. 1987). The *McRae* Court refused to exercise personal jurisdiction over a Mississippi attorney who had absolutely no contacts with Florida. *See id.* at 543. Further, if there is no basis for exercising personal jurisdiction over a defendant, "the Court need not address the second inquiry: whether the exercise of jurisdiction

comports with due process." *Moreno v. Carnival Corp.*, 488 F. Supp. 3d 1233, 1239 (S.D.

Fla. 2020).   This is because "the Due Process Clause imposes a more restrictive

requirement than does Florida's Long-Arm Statute." *Carmouche v. Carnival Corp.*, 36 F.

Supp. 3d 1335, 1340 (S.D. Fla. 2014).

Third-Party Plaintiffs have asserted that this Court has personal jurisdiction over

Ms. Knowles pursuant to section 48.193, *Florida Statutes*, because she committed an

intentional tortious act within this district by allegedly sending two spoofed emails to

Third-Party Plaintiffs with the intent to defraud them. Third-Party Plaintiffs' allegations

fall short from establishing either specific jurisdiction or general jurisdiction under

Florida's long-arm statute, as there is no basis to form the conclusion that Ms. Knowles

has any contact with Florida based on the assumption that Ms. Knowles sent the two

emails.   Like the petitioner in *McRae*, Ms. Knowles is an objecting defendant who has

done none of the acts set forth in section 48.193. Moreover, Ms. Knowles is not a party to

the contract that is the subject of the dispute between James Dar and Third-Party

Plaintiffs.  [Knowles Aff. ¶¶ 14-16.]  Also, as indicated above, Ms. Knowles is a resident

of Texas, does not conduct business or any other activities in Florida, and has no contact

whatsoever with the state of Florida.  [Knowles Aff. ¶¶ 4, 8-9.]

Even if the Court were to find that the allegations in the Amended Third-Party

Complaint are sufficient to establish personal jurisdiction over Ms. Knowles, it bears

noting that the Due Process Clause ultimately forbids the exercise of jurisdiction over her.

Here, Third-Party Plaintiffs have alleged Ms. Knowles' minimum contacts with Florida

is based on their "information and belief" and mere assumption that Ms. Knowles sent two spoofed emails to Third-Party Plaintiffs with intent to defraud them. Ms. Knowles has never had any contacts with any of the parties in this action that would make it foreseeable for her to be haled into this Court. [Knowles Aff. ¶¶ 14-17.] Moreover, the plain language of the two spoofed emails allegedly sent by Ms. Knowles to Third-Party Plaintiffs on July 1, 2020, do not even identify Ms. Knowles as the sender. In fact, the text of the two emails identifies Manny Santana of James Dar as the sender. Ms. Knowles has never emailed or communicated with Third-Party Plaintiffs, or any individual employed by Third-Party Plaintiffs. [Knowles Aff. ¶ 17.] More specifically, Ms. Knowles did not send any emails to Doreal Wilkinson on July 1, 2020, as alleged in paragraphs 57 and 58 of the Amended Third-Party Complaint. [Knowles Aff. ¶¶ 18-19.] There is no record evidence that suggests Ms. Knowles committed a tortious act in the State of Florida. Thus, it would be unreasonable (and a gross violation of due process) for the Court to exercise jurisdiction over Ms. Knowles when she has done none of the acts set forth in section 48.193. Thus, the Third-Party Complaint against Ms. Knowles should be dismissed for lack of personal jurisdiction.

**B.      Count II for contribution and indemnification based on fraud fails to satisfy the heightened pleading standard of Rule 9(b)**

If this Court somehow finds that there is personal jurisdiction over Defendant, it should nonetheless dismiss the Complaint for failure to state a cause of action. "[I]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud ...." Fed. R. Civ. P. 9(b). "[T]o pass Rule 9(b) muster, the Complaint must set forth

particular allegations about the 'who, what, when, where, and how' of the fraud."
*Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016).   Rule 9(b) is
satisfied if the complaint sets forth: (1) precisely what statements were made in what
documents or oral representations or what omissions were made: (2) the time and place
of each such statement and the person responsible for making (or, in the case of
omissions, not making) same; (3) the content of such statements and the manner in which
they misled the plaintiff; and (4) what the defendants obtained as a consequence of the
fraud.  *See Mizzaro v. Home Depot, Inc.*, 544 F. 3d 1230, 1237 (11th Cir. 2008); *see also
Chapman v. Abbott Laboratories*, 930 F. Supp. 2d 1321 (M.D. Fla. 2013) (conclusory
allegations regarding a manufacturer's negligent misrepresentation failed to meet the
heightened pleading requirement of the rule governing fraud claims because the
allegations did not specify time, place, or substance of the alleged fraud).    Further,
allegations of fraud based on information and belief do not satisfy Rule 9(b)'s heightened
standard of pleading.  *Hekker v. Ideon Group, Inc.*, 1996 WL 578335, at *4 (M.D. Fla., 1996).
To comply with Rule 9(b), "some indicia of reliability must be given in the complaint to
support the allegation of fraud."  *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d
1301, 1311 (11th Cir. 2002).

Here, Third-Party Plaintiffs allege in paragraphs 57 and 58 of the Amended Third-
Party Complaint that, upon information and belief, Ms. Knowles sent herself or by
another at her direction or complicity two spoofed emails on July 1, 2020, at 2:14 p.m.,
and 7:40 p.m., to Doreal Wilkinson of OJC at vendors@ojcommerce.com.   The two

spoofed emails that Third-Party Plaintiffs "believe" that they received from Ms. Knowles identifies the sender of the emails as Manny Santana, a James Dar employee.  Ms. Knowles' name does not appear anywhere in the two spoofed emails, and Third-Party Plaintiffs have not disclosed the identity of the sender's email address that sent the two spoofed emails.   In conclusory fashion, Third-Party Plaintiffs merely allege that "upon information and belief" and assume that Ms. Knowles sent the two spoofed emails. Further, as stated above, Ms. Knowles has never emailed or communicated with Third-Party Plaintiffs, or any individual employed by Third-Party Plaintiffs. [Knowles Aff. ¶ 17.]  More specifically, Ms. Knowles did not send any emails to Doreal Wilkinson on July 1, 2020, as alleged in paragraphs 57 and 58 of the Amended Third-Party Complaint. [Knowles Aff. ¶¶ 18-19.]  Ms. Knowles testimony controverts Third-Party Plaintiffs' allegations, which again is based on "information and belief," which creates no indicia of reliability to support the allegation of fraud. Thus, Third-Party Plaintiffs' fraud-based claim against Ms. Knowles fails to satisfy the framework outlined above as to the particularity requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, Count II should be dismissed.

WHEREFORE, Defendant, Sophie Knowles, respectfully requests that this honorable Court enter an Order dismissing the Amended Third-Party Complaint for lack of personal jurisdiction—or, in the alternative, failure to state a cause of action—and award such further relief as the Court deems just and proper.

DATED: July 15, 2022.

THE CARLIN LAW FIRM, PLLC
*Attorneys for Defendant, Sophie G. Knowles*
Victoria Park Centre
1401 E. Broward Boulevard, Suite 101
Fort Lauderdale, Florida 33301
Tel.: (954) 440-0901
Primary e-mail: eservice@carlinfirm.com
Ter. e-mail: mpanico@carlinfirm.com

By:___*/s/ Marshall R. Berner*_____
JUSTIN C. CARLIN, ESQUIRE
Fla. Bar No.: 068429
E-mail: jcarlin@carlinfirm.com
MARSHALL R. BERNER, ESQUIRE
Fla. Bar No.: 0117615
E-mail: mberner@carlinfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 15, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on the following counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF (electronic notice) or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing: Shlomo Y. Hecht, Esq., Shlomo Y. Hecht, P.A., at sam@hechtlawpa.com.

By:___*/s/ Marshall R. Berner*_____
MARSHALL R. BERNER, ESQUIRE