UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 6:21-61901-CIV-SMITH

**JAMES DAR, LLC,**

*Plaintiff,*

vs.

**OJ COMMERCE, LLC,**

*Defendants,*

**and**

**OJ COMMERCE, LLC, and
OJCOMMERCE.COM, INC,**

*Third Party Plaintiffs,*

vs.

**LORI A. SENGSTOCK, et. al.,**

*Third Party Defendants.*

## THIRD PARTY DEFENDANT LORI A. SENGSTOCK'S
## MOTION TO PERMIT MEDIATION VIA ZOOM

Lori A. Sengstock ("Defendant") by and through the undersigned counsel, moves this Court to allow Defendant to participate in mediation via Zoom, alleging as follows:

1. On August 26, 2022, in person mediation is currently scheduled to occur in this matter. [DE #100].

2. On July 18, 2022, Defendant filed her Motion to Dismiss Defendants OJ Commerce, LLC, and OJ Commerce.com, Inc.'s, Third Party Complaint (the "Motion'). [DE #114].

3. The Motion is still pending, with no adjudication regarding Defendant's objection to personal jurisdiction.

4. In *Johns v. Taramita*, a defendant objected to personal jurisdiction and the Court reviews Florida's Long Arm Statute in order to determine whether the Court can order arbitration. See 132 F.Supp.2d. 1021 (S.D.Fla. 2001).

5. Implicit in this holding is the rule that a Court must first establish personal jurisdiction over a defendant before it can order attendance at alternative dispute resolution because otherwise the Court would not have premised its rejection of the petition to compel arbitration on a finding of lack of personal jurisdiction. *See Id.* At 1031.

6. Florida law similarly holds that a court must possess personal jurisdiction over a defendant before compelling alternative dispute resolution. *See Fountainbleau, LLC v. Hire Us, Inc.,* 273 So. 3d 1152, 1157 (Fla. 2nd DCA 2019).

7. As Defendant's Motion remains undetermined, this Court has no authority to compel Defendant to enter into the forum state to participate in alternative dispute resolution.

8. Furthermore, given the amount in controversy and costs of attending mediation, requiring in person attendance by Defendant and requiring her to travel to a state in which Defendant maintains no systematic contacts would be improper.

9. Finally, Defendant may be prejudiced by being required to attend in person mediation because the caselaw surrounding waiver of personal jurisdiction arguments is nebulous and uncertain, and therefore Defendant's attendance risks waiving the objection. *See Matthews v. Brookstone Stores, Inc.,* 431 F.Supp.2d 1219, 1224 (S.D.Ala 2006).

**WHEREFORE,** Defendant respectfully requests that this Court enter an order permitting Defendant to appear at the August 26, 2022, mediation via zoom, and any other relief that this Court deems equitable and just.

## CERTIFICATE OF SERVICE

It is hereby certified that on August 8, 2022, I filed the foregoing motion with the Clerk of Court by utilizing the CM/ECF system that will serve this motion on all parties of record via electronic filing.

By: /s/    Benjamin Weissman

David M. Chico, Esq., FBN: 010318
Benjamin Weissman, Esq., FBN: 120770
DAVID CHICO LAW GROUP
607 Celebration Avenue
Celebration, Florida 34747
T: 407-933-7703
F: 407-933-7713
For eService:serve@davidchicolaw.com
**Trial Counsel for Third Party Defendant**