4989-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES DAR, LLC, | ) CASE NO.: 21-61901-CIV-SMITH |
| Plaintiff, | ) |
| v. | ) |
| OJ COMMERCE, LLC, *et al.*, | ) |
| Defendants. | ) |

**THIRD PARTY DEFENDANT SOPHIE G. KNOWLES'S MOTION
FOR A STAY OF DISCOVERY OR, IN THE ALTERNATIVE, FOR A
PROTECTIVE ORDER AGAINST THE TAKING OF HER DEPOSITION**

Pursuant to Federal Rules of Civil Procedure 26(b), 26(c)(c) and 45(d)(3)(A)(iv), and Local Rule 26.1, Third-Party Defendant, Sophie G. Knowles ("Ms. Knowles"), hereby moves to stay discovery until her Motion to Dismiss the Amended Third-Party Complaint for Lack of Personal Jurisdiction is adjudicated or, in the alternative, for the entry of a protective Order limiting the scope of the deposition and preventing the deposition from occurring on August 11, 2022, at 12:00 p.m.

I.      **FACTUAL BACKGROUND**

On July 28, 2022, Third-Party Plaintiffs, OJ Commerce, LLC and OJ Commerce.com, Inc. (together, "Third-Party Plaintiffs"), unilaterally noticed the deposition of Ms. Knowles, who is a resident of Texas and who is currently challenging this Court's personal jurisdiction over her. [ECF No. 113.] Specifically, without conferring with Ms. Knowles' counsel regarding an agreed date, Third-Party Plaintiffs noticed the deposition of Ms. Knowles for August 11, 2022, at 12:00 p.m.—the last day

Case 0:21-cv-61901-RS   Document 145   Entered on FLSD Docket 08/09/2022   Page 2 of 8

*James Dar, LLC v. OJ Commerce, LLC,* et al.
Case No.: 21-61901-CIV-SMITH

before the close of the discovery period (the "Notice of Deposition"). A true and correct copy of the Notice of Deposition is attached hereto as **Exhibit "A."**

On August 1, 2022, Ms. Knowles' counsel objected to the scheduled deposition, informing Third-Party Plaintiffs' counsel that he was unavailable. On August 8, 2022, the undersigned again notified Third-Party Plaintiffs that he is not available on the unilaterally scheduled deposition date because he will be attending an evidentiary hearing on the morning of August 11, 2022, and will be out of the office on a pre-planned vacation that afternoon through the weekend. In response, on August 9, 2022, Third-Party Plaintiffs' counsel noted that Third-Party Plaintiffs would not oppose the deposition being moved to a future date if the Court allows it. True and correct copies of the e-mail correspondence relating to this issue are attached hereto as **Composite Exhibit "B."**

On August 5, 2022, Third-Party Defendant, JP Morgan Chase Bank, N.A. ("Chase"), similarly filed a Motion for Protective Order as to Deposition of Chase on similar grounds., which the Court granted in part. [ECF No. 131.] Specifically, Chase lodged objections as to the scope of the deposition topics of Chase and for Third-Party Plaintiffs' unilaterally scheduling the deposition of Chase without allowing sufficient time to do so before the discovery deadline expired. On August 8, 2022, the Court entered a paperless Order Granting in Part Chase's Motion for Protective Order as to Deposition of Chase allowing the parties thirty (30) additional days to conduct the deposition and limiting the scope of discovery of the Chase deposition. [ECF No. 135.]

Case 0:21-cv-61901-RS Document 145 Entered on FLSD Docket 08/09/2022 Page 3 of 8

*James Dar, LLC v. OJ Commerce, LLC*, et al.
Case No.: 21-61901-CIV-SMITH

The justifications for granting Chase's Motion also apply to the relief requested in this Motion.

Moreover, on July 15, 2022, Ms. Knowles filed a Motion to Dismiss Amended Third-Party Complaint for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Cause of Action (the "Motion to Dismiss"). [ECF No. 113.] The Court has not yet adjudicated the Motion to Dismiss to determine whether it has personal jurisdiction over Ms. Knowles, but there is a strong likelihood that the Motion to Dismiss will be granted. Thus, Ms. Knowles requests the Court to stay discovery until the Motion to Dismiss is adjudicated or, in the alternative, enter a protective Order limiting the scope of the deposition to jurisdictional discovery only and preventing Ms. Knowles deposition from occurring on a date when the undersigned is not available.

As required by the local rules, the undersigned conferred with Third-Party Plaintiffs' counsel regarding the relief sought in this Motion. Third-Party Plaintiffs' counsel has indicated that Third-Party Plaintiffs have no objection to postponing the deposition of Ms. Knowles. Nonetheless, Third-Party Plaintiffs object to staying discovery or limiting the scope of the proposed deposition.

II.     **MEMORANDUM OF LAW**

If a strong likelihood that a motion to dismiss for lack of personal jurisdiction exists, the court should stay general discovery and only allow limited jurisdictional discovery to proceed against nonresident parties. *See, e.g.*, *Gillier v. Servicios Agecom, LLC*, 2018 WL 324997, at *2 (S.D. Fla. 2018). In *Gillier*, nonresident defendants filed motions to

Case 0:21-cv-61901-RS   Document 145   Entered on FLSD Docket 08/09/2022   Page 4 of 8

*James Dar, LLC v. OJ Commerce, LLC*, et al.
Case No.: 21-61901-CIV-SMITH

dismiss for lack of personal jurisdiction. Subsequently, Plaintiff served written discovery on defendants and subpoenas on two non-parties. *See id.* at 1. The Court conducted a preliminary review of Defendants' motions to dismiss and found that they "reveal[ed] a strong likelihood" that the motions would be granted. *See id.* Thus, the Court granted a stay of general discovery and allowed for limited jurisdictional discovery to proceed after defendants had an opportunity to testify in the case at a discovery hearing, with the caveat that, if defendants denied their continuous activity with respect to activity in the State of Florida, the plaintiff might have an opportunity to verify those representations. *See id.* at 3. Accordingly, the Court stayed the enforcement of the subpoenas with leave for the plaintiff to request the stay to be lifted as to them if the deponents deny their continuous activity with respect to the State of Florida. *Id.* Based on the reasoning employed in *Gillier*, Ms. Knowles' deposition should be disallowed at this point in the proceedings.

Additionally, a party noticing a deposition should, prior to noticing a deposition, attempt in good faith to coordinate deposition dates in advance, as it is unprofessional to do otherwise, especially where it is clear from counsel's communications that he contacted opposing counsel regarding a conflict of the deposition dates. *See Inspirations Nevada, LLC v. Med Pro Billing, Inc.*, 2020 WL 6581602, at *2 (S.D. Fla. 2020). At that point, the plaintiff should have rescheduled the depositions (for both the sake of practicality and professional courtesy). *See id.* Nonetheless, when a plaintiff refuses to reschedule a deposition, a defendant has two choices: (1) appear for the deposition; or (2) seek a

protective order. The unilateral scheduling of depositions is a serious concern, and the practice often leads to unnecessary motions and a waste of everyone's time. *See Karakis v. Foreva Jens Inc.*, 2009 WL 113456, at *6 (S.D. Fla. 2009).

Further, a party must obtain either a stipulation or order allowing a remote deposition before serving a notice of deposition. *See* Fed. R. Civ. P. 30(b)(4); *see also In re Deepwater Horizon Belo,* No. 3:19-CV-1535, 2021 WL 6882434, at *3 (N.D. Fla. 2021). Additionally, under the Local Rules, a party desiring to take in another state of any person "shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent." *See* S.D. Fla. L.R. 26.1(h). Further, notices of deposition should be quashed when a party notices a deposition on the eve of discovery not affording deponent a reasonable time to comply as required by Rule 45(d)(3)(A)(i) of the Federal Rules of Civil Procedure. *See In Regueiro v. Am. Airlines, Inc.,* 2022 WL 2359764, at *3 (S.D. Fla 2022); *see also Bernstein v. Town of Jupiter*, 2021 WL 6135188, at *1 (S.D. Fla. 2021) (quashing "flurry" of notices of deposition served shortly before the discovery cutoff, after the party made no attempts to set depositions previously).

Here, Ms. Knowles is a citizen and resident of the State of Texas (not domiciled in Florida) and has objected to the Court's personal jurisdiction over her. Because the Court has not yet ruled on Ms. Knowles Motion to Dismiss, it must stay general discovery and limit the scope of the deposition to jurisdiction discovery only after Ms. Knowles has had an opportunity to testify in the case. *See Gillier.*

Case 0:21-cv-61901-RS Document 145 Entered on FLSD Docket 08/09/2022 Page 6 of 8

*James Dar, LLC v. OJ Commerce, LLC,* et al.
Case No.: 21-61901-CIV-SMITH

Additionally, the Notice of Deposition of Ms. Knowles is invalid because it was scheduled remotely without prior permission of the Court. Further, the Notice of Deposition was scheduled unilaterally by Third-Party Plaintiffs, to which the undersigned objected on August 1, 2022—two business days after he received the Notice of Deposition on the ground that the undersigned had scheduling conflicts.

On August 8, 2022, the undersigned again notified Third-Party Plaintiffs that he is not available on the unilaterally scheduled deposition date that he will be attending an evidentiary hearing on the morning of August 11, 2022, and will be out of the office on a pre-planned vacation that afternoon through the weekend. In response, on August 9, 2022, Third-Party Plaintiffs' counsel noted that Third-Party Plaintiffs would not oppose the deposition being moved to a future date if the Court allows it.

Moreover (and most importantly), Ms. Knowles was not provided a reasonable time to comply with the Notice of Deposition, as the Notice of Deposition was filed fewer than 14 days from the date of the deposition—the eve of the discovery cutoff period, *i.e.*, August 12, 2022.

Lastly, Third-Party Plaintiffs failed to comply with Rule 26.1, as well as the spirit of the Local Rules, by unilaterally scheduling Ms. Knowles' deposition and then refusing to reschedule based on disclosed conflicts. Accordingly, this Court should stay discovery until the Motion to Dismiss is adjudicated or, in the alternative, enter a protective Order disallowing the deposition of Ms. Knowles to occur on August 11, 2022, because Third-

*James Dar, LLC v. OJ Commerce, LLC*, et al.<br>
Case No.: 21-61901-CIV-SMITH

Party Plaintiffs failed to coordinate the deposition, or allow sufficient time to do so before the discovery deadline expired.

WHEREFORE, Third-Party Defendant, Sophie Knowles, respectfully requests that this honorable Court enter an Order staying discovery until the Motion to Dismiss is adjudicated or, in the alternative, a protective Order limiting the scope of the deposition to jurisdictional discovery and preventing the deposition from occurring on August 11, 2022, and award such further relief as the Court deems just and proper.

DATED: August 9, 2022.

> THE CARLIN LAW FIRM, PLLC
> *Attorneys for Defendant, Sophie G. Knowles*
> Victoria Park Centre
> 1401 E. Broward Boulevard, Suite 101
> Fort Lauderdale, Florida 33301
> Tel.: (954) 440-0901
> Primary e-mail: eservice@carlinfirm.com
> Ter. e-mail: mpanico@carlinfirm.com
>
>
> By: */s/ Justin C. Carlin*
>     JUSTIN C. CARLIN, ESQUIRE
>     Fla. Bar No.: 068429
>     E-mail: jcarlin@carlinfirm.com
>     MARSHALL R. BERNER, ESQUIRE
>     Fla. Bar No.: 0117615
>     E-mail: mberner@carlinfirm.com

*JAMES DAR, LLC v. OJ COMMERCE, LLC,* ET AL.
Case No.: 21-61901-CIV-SMITH

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on the following counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF (electronic notice) or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing: Shlomo Y. Hecht, Esq., Shlomo Y. Hecht, P.A., at sam@hechtlawpa.com.

By: */s/ Justin C. Carlinr*
JUSTIN C. CARLIN, ESQUIRE