UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61901-CIV-SMITH/VALLE

James Dar, LLC,

    Plaintiff,

v.

OJCommerce.com, Inc. and OJCommerce, LLC,

    Defendants.

and

OJCommerce.com, Inc. and OJCommerce, LLC,

    Third Party Plaintiffs,

v.

BB&T Corporation, Sophie G. Knowles,
JP Morgan Chase Bank, N.A. and
Lori A. Sengstock,

    Third Party Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff James Dar, LLC ("JamesDar"), by its undersigned counsel, hereby files its Response in Opposition to Defendants OJCommerce, LLC's ("OJC") and OJCommerce.com, Inc.'s ("OJC.com") (collectively, the "Defendants") Motion for Summary Judgment against Plaintiff James Dar, LLC and Memorandum of Law in Support Thereof ("Motion for Summary Judgment") [ECF No. 180].

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.: 21-61901-CIV-SMITH/VALLE

## INTRODUCTION

Contrary to the Defendants' hyperbole, the undisputed facts in this case demonstrate that JamesDar has not been paid for goods it provided to OJC two years ago. Issues pertaining to the filing of this action initially in California were disposed of when the action was transferred to the Southern District of Florida. Moreover, in denying the Defendants' Motion for Rule 11 Sanctions, Judge Fischer did not find JamesDar's filing of its Complaint in California "frivolous" or "for an improper purpose." (Ex. 25).[1] Thus, the procedural history of this case is irrelevant.

Moreover, as further set forth in JamesDar's Motion to Dismiss OJC's Counterclaim [ECF No. 95] and Motion to Dismiss OJC.com's Counterclaim [ECF No. 96], the Defendants' Counterclaims are legally deficient. OJC cannot assert a negligence claim as there is a contract between the parties. OJC has not alleged or provided any facts demonstrating that OJC breached the contract. Moreover, despite claiming that Judge Fischer's transfer Order somehow has a substantive effect on this case, the Defendants ignore Judge Fischer's Order denying their Motion for Rule 11 Sanctions. (Ex. 25). In addition, although repeatedly asserting in their Motion to Dismiss, in their Statement of Undisputed Facts, and in their Motion for Summary Judgment that there is no prevailing party attorney fee provision at issue in this case, OJC.com seeks attorneys' fees, even though it also acknowledges that it is not a party to the agreement at issue in this case. Despite attempting to assert a breach of contract claim, OJC.com now cites to Florida case law under the Wrongful Act Doctrine in order to attempt to establish a futile claim for attorneys' fees. As established below, OJC.com misrepresents the law on this issue and fails to cite a single case supporting its position.

---

[1] Attached to JamesDar's Response Statement of Facts as Exhibit 25 is Judge Fischer's Order Denying Defendants' Motion for Sanctions.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CASE NO.: 21-61901-CIV-SMITH/VALLE

This is a very simple case. Pursuant to an E-Commerce Vendor Agreement ("Vendor Agreement") [ECF No. 177-2],[2] OJC issued purchase orders to JamesDar. JamesDar fulfilled the purchase orders and invoiced OJC for the goods purchased. OJC processed the invoices at issue in this case and erroneously paid former Third-Party Defendants Sophie Knowles ("Knowles") and Lori Sengstock ("Sengstock").[3] JamesDar has not been paid for the uncontested invoices. Thus, JamesDar is entitled to a Judgment in its favor for the undisputed amount.

## ARGUMENT

### I. Summary Judgment Standard.

The Eleventh Circuit has stated the standards for granting summary judgment, noting that the Court must:

> ... draw[] "all reasonable inferences in the light most favorable to the non-moving party." *See Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). Summary judgment may be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 2510, ... (1986) (quoting Fed.R.Civ.P. 56(c) (1985)). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Id.* at 248, 106 S.Ct. at 2510. Summary judgment is only appropriate if a case is "so one-sided that one party must prevail as a matter of law." *See id.* at 251-52, 106 S.Ct. at 2512.

*Quigg v. Thomas County School Board*, 814 F.3d 1227, 1232, (11th Cir. 2016).

> "Summary judgment is a lethal weapon, and courts must be mindful of its aims and targets and beware of overkill in its use." *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 612 (5th Cir. 1967). At summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact

---

[2] References to ECF No. 177 refer to JamesDar's Statement of Material Facts in Support of its Motion for Summary Judgment and accompanying exhibits 1-22.

[3] OJC brought claims against Knowles and Sengstock for wrongfully receiving the payments. OJC settled its dispute with Knowles and Sengstock and has dismissed them from the case. [ECF No. 172].

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

CASE NO.: 21-61901-CIV-SMITH/VALLE

exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. So a claim should go to trial if "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505.

*Edmondson v. Velvet Lifestyles, LLC*, 20-11315, 2022 WL 3098100, at *3 (11th Cir. Aug. 4, 2022).

## II. JamesDar's Counts 1 and 2 of the Second Amended Complaint Establish a Breach of Contract Claim.

JamesDar's First Cause of Action and Second Cause of Action are both for breach of contract under the Vendor Agreement. [ECF No. 177-2]. Pursuant to the Vendor Agreement, JamesDar was required to generate invoices for the services. [ECF No. 177-2, ¶ 1.7]. OJC, upon receiving the invoices, then agreed to pay JamesDar for the services. [ECF No. 177-2, ¶ 1.7]. JamesDar acknowledges that the first and second causes of action are similar breach of contract claims. Such claims are based on the Vendor Agreement and are further evidenced by invoices submitted in accordance with the Vendor Agreement. Accordingly, to the extent the second cause of action is repetitive or duplicative of the first cause of action, JamesDar agrees that the repetitive second cause of action is duplicative and should be combined with the first cause of action for breach of contract.

## III. There is no Factual Issue That OJC Breached the Vendor Agreement.

As further set forth in JamesDar's Motion for Partial Summary Judgment [ECF No. 176], there is no factual issue that JamesDar has not been paid for invoices submitted pursuant to the Vendor Agreement. All of the cases cited by the Defendants pertaining to proximate cause and damages flowing from the breach are irrelevant and inapplicable. The Vendor Agreement requires OJC to pay JamesDar upon receipt of invoices that OJC reconciled and approved. "**OJCommerce will pay all undisputed invoice amounts within 30 days of invoice date.**" [ECF No. 177-2, ¶ 1.7] (emphasis added). Through no fault of JamesDar, rather than pay JamesDar for the undisputed invoices, OJC erroneously made payments to third-parties and pursued claims against those third-parties for their

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CASE NO.: 21-61901-CIV-SMITH/VALLE

wrongful receipt of the funds. [ECF No. 52]. Upon realizing that it paid the third-parties and had not paid JamesDar, rather than paying JamesDar the outstanding amounts owed and pursuing the claims against the third-parties, OJC instead refused to pay JamesDar. As OJC was contractually obligated to pay JamesDar, it breached the Vendor Agreement. The uncontradicted evidence demonstrates that JamesDar did not provide the bank account information that lead OJC to pay Knowles and Sengstock instead of JamesDar. [ECF No. 177]. Accordingly, OJC breached the Vendor Agreement and the damages to JamesDar, nonpayment for undisputed invoices, was foreseeable under the Vendor Agreement. By establishing that Knowles and Sengstock received the funds and acknowledging that the funds were not sent to JamesDar's bank account, OJC admits that it breached the contract.

OJC's claim that because third-parties provided false information, which was relied upon by OJC, somehow absolves it of its liability to JamesDar, is misplaced. If JamesDar had shipped goods that were ordered pursuant to the Vendor Agreement and a third-party diverted those goods, such that they were never received by OJC or its customers, OJC would not be responsible for payment because the goods were not delivered. Similarly, where third-parties convinced OJC to send payments to them, instead of JamesDar, for goods that were ordered and delivered, OJC cannot claim that it has no responsibility to JamesDar. Two years after providing the goods to OJC and its customers, JamesDar has still not received payment. OJC pursued the claims against the Third-Party Defendants and has settled with three of the four Third-Party Defendants, receiving at least $18,000.00. [ECF No. 172] [ECF No. 186].[4] Thus, the proximate cause argument is entirely irrelevant and misplaced.

---

[4] The settlement agreement with Third-Party Defendant JPMorgan Chase Bank ("Chase") was not filed and it is unknown how much Chase may be paying to OJC.

CASE NO.: 21-61901-CIV-SMITH/VALLE

**IV.     JamesDar Asserts a Claim for Account Stated.**

JamesDar's account stated claim is pled in the alternative, as required. JamesDar's account stated claim is "pled in the alternative to the breach of contract claim." *GenTek, Inc. v. TDK-Lambda Americas, Inc.*, No. 8:08-cv-2315-T-26TGW, 2010 WL 668173, at *6 (M.D. Fla. Feb. 18, 2010); "When asserted alongside a breach of contract claim, an account stated claim must be ple[aded] in the alternative because an account stated claim may not be utilized simply as another means to collect under a disputed contract." *Tuscany Cheese, LLC v. True Grade, LLC*, 22-20415-CIV, 2022 WL 3701184, at *1 (S.D. Fla. June 3, 2022) (citation omitted).

An account stated claim arises between parties who have had previous transactions, fixing the amount due and promising payment. *See ConSeal Int'l Inc. v. Neogen Corp.*, No. 19-CV-61242, 2020 WL 4736203, at *7 (S.D. Fla. Aug. 14, 2020). OJC acknowledges that JamesDar sent it invoices. There were invoices, OJC processed the invoices, and then it failed to pay the invoices to JamesDar. These allegations satisfy the requirement of an account stated claim. *Id*. at *7.

The argument raised by OJC is that the account stated claim fails to state a claim because "there must be an agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance." [ECF No. 180, p. 9] (*citing First Union Disc Brokerage Servs. v. Milos*, 997 F.2d 835, 841 (11TH Cir. 1993)). As further set forth in JamesDar's Motion for Summary Judgment, there was an agreement between the parties as to the amount owed, an agreement that the amount was owed, and a promise to pay the amount. Pursuant to the Vendor Agreement, JamesDar submitted invoices to OJC. OJC processed the invoices and agreed that a certain balance was due and owing on the invoices. OJC provided a spreadsheet demonstrating the invoices, the amounts it agreed upon, and the amounts erroneously paid to the third-parties. [ECF

No. 177-13]. Thus, OJC has admitted that it owes the amounts that it erroneously paid to the third-parties. Accordingly, JamesDar has properly asserted an account stated claim, in the alternative, for at least the amount OJC has agreed that it owes.

**V.     JamesDar Acknowledges That it is not Entitled to Attorney's Fees Under the Vendor Agreement.**

JamesDar acknowledges that the Vendor Agreement in this case does not contain a provision for the recovery of attorney's fees. Accordingly, JamesDar concedes that no party has a right to attorneys' fees in this matter based on the Vendor Agreement and its claim for attorney's fees may be withdrawn.

**VI.    There are Factual Issues as to Whether OJC.com may be Liable as the Alter-Ego of OJC.**

JamesDar acknowledges that OJC.com is not a party to the Vendor Agreement. However, OJC has presented evidence demonstrating that there is a factual issue as to whether OJC.com is liable as the alter-ego of OJC. The question of whether the corporate veil of a corporate entity can be disregarded is not typically resolved on summary judgment. Florida case law is clear that adjudication of whether a corporation is an alter ego of another corporation such that their corporate veil can be "pierced" to hold them liable for the acts of each other is normally an issue of fact for the jury. *See Seminole Boatyard, Inc. v. Christoph,* 715 So. 2d 987, 990 (Fla. 4th DCA 1998) ("Whether there has been improper conduct [sufficient to pierce corporate veil] is a jury question."); *Church of Scientology of California v. Blackman, M.D.,* 446 So. 2d 190, 192 (Fla. 4th DCA 1984) ("Normally, the question of whether a corporation is an instrumentality or an alter ego of another corporation is an issue of fact for the jury") (citing *Barnes v. Liebig,* 146 Fla. 219 (1941)); *Walton v. Tomax Corp.,* 632 So. 2d 178 (Fla. 5th DCA 1994) (reversing directed verdict in veil-piercing case; noting that such cases often turn on "questions of credibility" and should

generally be presented to the fact finder); *Walton v. Tomax Corp.,* 632 So. 2d 178, 180-81 (Fla. 5th DCA 1994) (reversing a trial court's directed verdict and remanding the matter so that the jury could determine if sufficient improper conduct existed to warrant piercing the corporate veil).

As the Florida Supreme Court observed in *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So. 2d 1114, 1121 (Fla. 1984), the threshold showing for veil-piercing allegations to go to a jury is low. In *Dania Jai-Alai,* the court reversed a directed verdict where the record reflected conflicting evidence whether the corporate veil of two affiliated corporations who held "themselves out to the public as a single enterprise" could be pierced making them liable for the acts of each other. *Dania Jai-Alai,* 450 So. 2d at 1121. The Florida Supreme Court observed that it was not within the province of the trial court to weigh the evidence. Rather, the trial court's sole function was to determine whether any conflicting evidence existed. Based on this minimal standard, the court determined that a directed verdict should not have been granted. *Id.* ("We express no opinion on what the preponderance of the evidence shows: that question is properly for the jury to determine. We have no doubt, however, that there was a jury question posed and that it was error to direct a verdict on this issue").

The registered agent, president, and owner of OJC.com is Jacob Weiss ("Weiss"). (Ex. 24, pp. 17-18).[5] OJC.com has the same mailing address as OJC. (Ex. 24, p. 18). OJC and OJC.com share the same office. (Ex. 24, p. 18). OJC.com and OJC have the same officers and directors. (Ex. 24, p. 18). OJC.com owns intellectual property that is licensed to OJC. (Ex. 24, p. 18). The website used by OJC is owned by OJC.com. (Ex. 24, p. 18). OJC.com licenses the website to OJC. (Ex. 24, p. 18). Thus, as there are similarities between the two entities, they share the same

---

[5] Attached to the Response Statement as Exhibit 24 is the deposition excerpt of Weiss.

offices, and are owned by the same individual, there is a factual issue as to whether OJC.com is liable under an alter-ego theory for breach of the contract between JamesDar and OJC.

## VII. OJC.com's Counterclaim Fails as a Matter of Law.

As further set forth in JamesDar's Motion to Dismiss OJC.com's Counterclaim [ECF No. 96], there is no basis for OJC.com to assert a Counterclaim for breach of contract. Throughout its Motion for Summary Judgment and Statement of Facts, OJC.com repeatedly asserts that it is not a party to the Vendor Agreement. Notwithstanding, OJC.com asserted a claim for breach of contract alleging a breach of the Vendor Agreement. In the Motion for Summary Judgment, even though it is not a party to the Vendor Agreement, OJC.com claims it is entitled to damages under the Wrongful Act Doctrine.

### 1. OJC.com Cannot Assert a Breach of Contract Claim.

"Ordinarily, only parties to a contract or third-party beneficiaries have standing to sue for breach of contract." *Davis v. Integon National Ins. Co.*, Case No. 21-cv-62170-RAR, 2022 WL 59654 (S.D. Fla. Jan. 5, 2022) (citation omitted). "[T]he fact that a non-party suffers an injury as a result of the breach of a contract is not enough, standing alone, to allow that entity to enforce the contract." *H&H Laundry Corp. of Orlando, Inc. v. Thelaundrylist.com, Inc.*, No. 6:10-cv-938-Orl-31GJK, 2010 WL 311896 (M.D. Fla. Aug. 6, 2010). Moreover, to assert a claim as a third-party beneficiary under a contract, a party must allege the following elements:

(1) The existence of a contract to which plaintiff is not a party;

(2) An intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefitted plaintiff;

(3) Breach of the contract; and

(4) plaintiff's damages resulting from the breach.

CASE NO.:  21-61901-CIV-SMITH/VALLE

*Brown v. Carnival Corp.*, 2015 F. Supp. 3d 1312, 1319 (S.D. Fla. 2016) (citation omitted).

OJC.com claims in its Counterclaim that it was never a party to the Vendor Agreement. Thus, OJC.com's Counterclaim against JamesDar lacks any basis upon which the court may grant relief to OJC.com.  In the Counterclaim, OJC.com states that "[o]n January 7, 2020, James Dar and OJ Commerce ("OJC") executed the sole agreement between the parties, an E-Commerce Agreement ("Vendor Agreement"), which governed their e-commerce business relationship." [ECF No. 50, p. 9, ¶ 4). The Counterclaim then states that OJC.com was not a party to the Vendor Agreement. [ECF No. 50, p. 9, ¶ 5].  In its Motion for Summary Judgment and Statement of Facts, OJC.com repeatedly verifies that it is not a party to the Vendor Agreement.  [ECF No. 181]. "OJC.com was not a party to the vendor agreement."  [ECF No. 180, p. 2]; "OJC.com was not a party to the Vendor Agreement."  [ECF No. 180, p. 11]; "OJC.com - a third party to the Vendor Agreement - . . ."  [ECF No. 181, p. 8].

OJC.com claims that Plaintiff materially breached the Vendor Agreement and thereby damaged OJC.com, even though it admits that it was never a party to, or beneficiary of, the Vendor Agreement, nor entitled to any rights, privileges or remedies under the Vendor Agreement.  Thus, not only is OJC.com not entitled to summary judgment, OJC.com's Counterclaim should be dismissed with prejudice as there is no way for the Counterclaim to be amended to state a claim against JamesDar.

**2.      OJC.com's Claim for Attorneys' Fees Fails as a Matter of Law.**

In addition to the fact that OJC.com is not a party to the Vendor Agreement and is not a third-party beneficiary of the Vendor Agreement, the damages sought by OJC.com are not recoverable.  The sole damages sought by OJC.com are "the amount of attorneys' fees and expenses incurred as a result of being forced to litigate the case in California, enforcing the

CASE NO.: 21-61901-CIV-SMITH/VALLE

mandatory form selection clause, and obtaining a transfer of the case to the Southern District of Florida where [Plaintiff] knew it belonged before the original Complaint was filed in California." [ECF No. 50, p. 11, ¶ 25] [ECF No. 180, p. 16].

In order to recover attorney's fees under Florida law, the party seeking recovery must have a legal basis.

> Under the "American Rule" governing entitlement to attorney's fees, parties generally must bear their own attorney's fees unless a statute or contract expressly provides otherwise. In diversity cases, courts apply state law to determine a party's right to attorney's fees. "Florida generally follows the American Rule, under which each side pays its own attorney's fees."

*RJ's Int.'l Trading, LLC v. Crown Castle South LLC*, Case No. 20-25162-CIV-ALTONAGA/Torres, 2022 WL 1577061 (S.D. Fla. May 19, 2022) (citations omitted). "Allowing [a party] to collect attorney's fees as damages simply by characterizing them as damages based on a breach of contract would 'create an exception that would swallow the 'American Rule . . .'"" *Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-cv-43480 (JMF), 2014 WL 3439620 (S.D.N.Y. July 15, 2014) (Granting summary judgment as a matter of law against a party asserting a claim for attorney's fees for breach of a forum selection clause). The alleged breach of a forum selection clause does not provide an exception to the general rule that attorney's fees cannot be recovered unless statutory or contractually allowed. *Fednav Int.'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 840 (7th Cir. 2010) (Breach of forum selection clauses in bills of lading did not give rise to a claim for attorney's fees incurred in enforcing forum selection clauses.); *Tri-County Towing & Recovery v. Bellsouth Advertising & Publishing Corp.*, Civil Action No. 1:10-cv-517-RWS, 2011 WL 1497384 (N.D. Ga. Apr. 19, 2011) ("Defendant has not identified any contractual provision or Georgia statute showing an entitlement to recover attorney's fees for breach of a forum selection clause;" see *Alexsam, Inc. v. Mastercard Int.'l, Inc.*, 15CV2799ILGSMG, 2018

WL 7063137, at *1 (E.D. N.Y. Oct. 16, 2018), rev'd on other grounds and remanded, 2021-1785, 2022 WL 621374 (Fed. Cir. Mar. 3, 2022).

There is no attorney's fee provision in the Vendor Agreement. The Defendants acknowledge that there is no right to recover attorney's fees under the Vendor Agreement. [ECF No. 180, p. 10]. There is no statutory basis cited by OJC.com in its claim for breach of contract. Accordingly, in addition to the fact that OJC.com is not a party to the Vendor Agreement and has no standing to assert a breach of contract claim, its attempt to assert a claim for the recovery of attorney's fees for an alleged breach of the forum selection clause (contained in a contract to which it is not a party) fails as a matter of law.

### 3. The Wrongful Act Doctrine Does not Apply as a Matter of Law.

In its Motion for Summary Judgment, even though its Counterclaim is entitled breach of contract, OJC.com changed its claim and asserted that it is actually a claim under the Wrongful Act Doctrine. However, there is no separate cause of action under the Wrongful Act Doctrine. "The wrongful act doctrine does not create a separate cause of action, however. It is simply an additional element of damage available where liability already exists." *Southland Constr., Inc. v. Greater Orlando Aviation,* 860 So. 2d 1031, 1038 n. 4 (Fla. 5th DCA 2003); *Rayburn v. Bright*, 163 So. 3d 735, 737 (Fla. 5th DCA 2015). "[T]he wrongful act doctrine does not create a separate cause of action." *James Ventures, L.P. v. Timco Aviation Services, Inc.*, 06-60420-CIV, 2007 WL 201257, at *1 (S.D. Fla. Jan. 24, 2007).

In fact, the cased cited by OJC.com not only do not support a claim under the Wrongful Act Doctrine, but OJC.com has misrepresented the holdings of the cases and intentionally omitted

CASE NO.: 21-61901-CIV-SMITH/VALLE

language in order to avoid the fact that there is no such claim in this case.[6] **Not one** of the cases cited by OJC.com establishes that it can assert a claim under the Wrongful Act Doctrine for the recovery of attorney's fees in a Counterclaim against a party with whom it has a contract or with which it is involved in litigation. All of the cases cited by OJC.com provide for the recovery of attorney's fees under the Wrongful Act Doctrine when such fees were incurred in a separate claim or action **with third-parties**.

OJC.com cites the following cases. OJC.com selectively quoted and cited to these cases to avoid the fact that they all involved recovery of attorney's fees as an expense involving third-party litigation.

- *State Farm Fire & Cas. Co. v. Pritcher*, 546 So. 2d 1060, 1061 (Fla. 3d DCA 1989) (emphasis added). ("Where a defendant has committed a wrong toward the plaintiff, and the wrongful act has caused the plaintiff to litigate **with third persons**, the wrongful act doctrine permits the plaintiff to recover, as an additional element of damages, plaintiff's **third party** litigation expense.")

- *Rayburn v. Bright*, 163 So. 3d 735, 736–37 (Fla. 5th DCA 2015) (emphasis added). ("Under the wrongful-act doctrine, "[w]here a defendant has committed a wrong toward the plaintiff and the wrongful act has caused the plaintiff to litigate **with third persons**, the wrongful act doctrine permits the plaintiff to recover, as an additional element of damages, plaintiff's **third party litigation** expense.")

---

[6] OJC.com's counsel has an obligation to properly state the law and to disclose adverse precedent to this Court. *See Smith v. State*, SC 22-196, 2022 WL 3065160, at *1 (Fla. Aug. 3, 2022); FL. Bar. Rule 4-3.3(a)(1); Fed. R. Civ. P. 11(b)(2).

CASE NO.: 21-61901-CIV-SMITH/VALLE

- *Auto-Owners Ins. Co. v. Hooks*, 463 So. 2d 468, 477 (Fla. 1st DCA 1985) (emphasis added). ("Where the wrongful act of the defendant has involved the claimant in litigation **with others**, and has placed the claimant in such relation **with others** as makes it necessary to incur expenses to protect its interest, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages.")

- *Baxter's Asphalt & Concrete, Inc. v. Liberty Cnty.*, 406 So. 2d 461, 467 (Fla. 1st DCA 1981), *quashed,* 421 So. 2d 505 (Fla. 1982) (emphasis added). ("Where the wrongful act of the defendant has involved the claimant in litigation **with others**, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages.")

- *Northamerican Van Lines, Inc. v. Roper*, 429 So. 2d 750, 752 (Fla. 1st DCA 1983) (emphasis added). ("However, where the wrongful act of the defendant has involved the claimant in litigation **with others**, and has placed the claimant in such relation **with others** as makes it necessary to incur expenses to protect its interest, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages.")

- *De Pantosa Saenz v. Rigau & Rigau, P.A.*, 549 So. 2d 682, 685 (Fla. 2d DCA 1989) (emphasis added). ("Typically, a plaintiff has the right to recover attorneys' fees incurred in litigation **with a third party**, as an element of compensatory damages, if that litigation was caused by the defendant's breach of contract or wrongful act.")

- *Milohnich v. First Nat. Bank of Miami Springs*, 224 So. 2d 759, 762 (Fla. 3d DCA 1969), *disapproved of by Barnett Bank of W. Florida v. Hooper*, 498 So. 2d 923 (Fla. 1986) (emphasis added). ("Where the breach of a contract has forced one of the contracting parties to

maintain or defend an action **against a third person**, he is entitled to recover from the party breaching the contract attorney fees and any other expenses incurred in the prior litigation.")

- *Vaughan v. Atkinson*, 291 F.2d 813, 815 (4th Cir. 1961), *rev'd,* 369 U.S. 527 (1962) (emphasis added). ("The general rule is that in suits for breach of contract counsel fees may be allowed to the plaintiff if he can show that defendant's breach of contract has caused litigation **against third parties** in which the plaintiff has been obliged to secure the services of counsel, **but the rule does not deal with attorney's fees paid by the plaintiff in his suit against the defendant himself for breach of contract**.")

- *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 875–76 (1960) (emphasis added). ("It is generally held that where a breach of contract has forced the plaintiff to maintain or defend a suit **with a third person**, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred.")

OJC.com cannot assert a claim for breach of contract pursuant to a contract to which it is not a party or a third-party beneficiary. OJC.com cannot seek damages under the Wrongful Act Doctrine based upon a contract to which it is not a party. OJC.com cannot utilize the Wrongful Act Doctrine, as it is only applicable when a party, due to a breach of contract, incurs expenses in a lawsuit with a third-party. The alleged fees incurred herein by OJC.com, pertaining to the issue regarding the forum selection clause, do not involve litigation with a third-party. Judge Fischer already denied the Defendants' Motion for Rule 11 Sanctions. (Ex. 25).[7] As there is no contractual or statutory basis for attorneys' fees in this case, OJC.com cannot circumvent applicable law by seeking attorneys' fees incurred herein when it has not prevailed in this case and is not entitled to

---

[7] Although the Defendants repeatedly cite to the history of the case when it was in California, the Defendants consistently fail to address the Order denying their Motion for Sanctions.

CASE NO.: 21-61901-CIV-SMITH/VALLE

such attorneys' fees as consequential damages. Thus, OJC.com's claim for breach of contract must be dismissed and its Motion for Summary Judgment must be denied.

## CONCLUSION

Based on JamesDar's Motion for Summary Judgment [ECF No. 176], JamesDar has established that it never received payment for $43,812.10 based on undisputed invoices that OJC.com acknowledged were due and owing, yet erroneously paid to third-parties. OJC and OJC.com brought claims against Third-Party Defendants seeking a recovery of the funds it erroneously paid to them. The Defendants have entered into settlements with three of the four Third-Party Defendants. However, JamesDar has still not received payment for the undisputed invoices.

Accordingly, this Court can dispose of this entire case by granting JamesDar's Motion for Summary Judgment, awarding it damages for the uncontested yet unpaid invoices, plus accruing interest, and dismissing the remaining claims and Counterclaims. The Defendants' Motion for Summary Judgment, as further set forth above must be denied because OJC clearly breached the contract, JamesDar established the breach, JamesDar has been damaged, OJC has failed to establish that JamesDar breached the contract, and there is no viable legal claim by OJC.com for breach of contract or an independent claim under the Wrongful Act Doctrine. Thus, the Defendants' Motion for Summary Judgment must be denied and JamesDar's Motion for Partial Summary Judgment should be granted with all remaining claims and Counterclaims[8] dismissed.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the

---

[8] For purposes of Summary Judgment and judicial economy, if this Court grants JamesDar's Motion and enters Judgment in its favor, it agrees to dismiss its claims against OJC.com, without prejudice, to end the litigation and avoid the expense of a trial.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO.: 21-61901-CIV-SMITH/VALLE

Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated:  September 30, 2022

_____
Eric Lee (Bar No. 961299)
lee@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL  33431
Telephone:  (561) 981-9988

**Attorneys for Plaintiff**
**James Dar, LLC**

CASE NO.:  21-61901-CIV-SMITH/VALLE

# SERVICE LIST

**Attorneys for Defendants/Third Party Plaintiffs**
**OJCommerce.com, Inc. and OJCommerce, LLC**

Shlomo Y. Hecht, Esq.
Shlomo Y. Hecht, P.A.
sam@hechtlawpa.com
4538 N.W. 85th Ave.
Coral Springs, FL  33065

**Attorneys for Third Party Defendant**
**Truist Bank f/k/a BB&T Corporation**

Mark Elliot Steiner, Esq.
mes@lgplaw.com
Liebler, Gonzalez & Portuondo
44 W. Flagler St., 25th Flr.
Miami, FL  33130

**Attorneys for Third Party Defendant**
**JP Morgan Chase Bank, N.A.**

Charles Brumby, Esq.
cbrumby@homerbonner.com
Jose A. Ortiz, Esq.
Jortiz@homerbonner.com
mosorio@homerbonner.com
Home Bonner, et al.
1441 Brickell Ave., Ste. 1200
Miami, FL  33131

**Attorneys for Third Party Defendant**
**Sophie G. Knowles**

Justin Christopher Carlin, Esq.
eservice@carlinfirm.com
mpanico@carlinfirm.com
jcarlin@carlinfirm.com
mberner@carlinfirm.com
The Carline Law Firm, PLLC
1401 E. Broward Blvd., Ste. 101
Ft. Lauderdale, FL  33301

CASE NO.:  21-61901-CIV-SMITH/VALLE

**Attorneys for Third Party Defendant**
**Lori A. Sengstock**

Benjamin Michael Weissman, Esq.
bnweissman@gmail.com
The David Chico Law Group
607 Celebration Avenue
Celebration, FL  34747